IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MCGUIRE WOODS, LLP, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) BRIEF IN SUPPORT |
| JAMES JANDRAIN AND MIDWEST | ) OF MOTION TO COMPEL |
| RENEWABLE ENERGY | ) PRODUCTION OF |
| | ) DOCUMENTS |
| Defendants. | ) |

## INTRODUCTION

Defendant McGuireWoods LLP, pursuant to Fed.R.Civ.P. 45, requests an order of this Court compelling non-parties Jim Jandrain and Midwest Renewable Energy ("MRE") to produce documents specifically requested in subpoenas served on them. Jandrain, chief financial officer and board member of MRE, advised that most of documents are in the possession of McGrath North Mullin & Kratz, PC ("McGrath North") and agreed to request the responsive documents from McGrath North, MRE's former counsel. However, since Jandrain gave that assurance, he has not responded to phone messages and emails and has not produced the documents. Despite several good faith attempts by counsel to resolve this matter without court intervention, Jandrain has been unwilling to obtain the referenced documents.

The requested documents are clearly relevant and in the "control" of Jandrain, both personally and as the designated representative of MRE. Because Jandrain acknowledged his control over the documents and agreed to produce them, Jandrain, acting on behalf of himself and MRE, is required to produce the responsive documents.

2709688.4

## FACTUAL BACKGROUND

*A.    Rajala v. McGuire Woods, LLP*

This motion relates to the underlying case of Rajala v. McGuire Woods, LLP 08-2638-CM-DJW, District of Kansas, wherein Rajala, bankruptcy trustee for Ethanex Energy, has brought several claims relating to the actions of former McGuireWoods attorney, Louis Zehil. (*See* Plaintiff's First Amended Complaint attached hereto as **Exhibit A**).

In 2006, attorneys at Defendant McGuireWoods LLP provided legal representation to a private company, Armistead Energy, Inc., including in connection with an effort to raise capital by means of a "private investment in public entity," or PIPE transaction, and a reverse merger into a public company later to be named Ethanex Energy, Inc. One part of Ethanex's PIPE transaction was the sale of equity securities not yet registered with the Securities and Exchange Commission. Before registration, the securities were to bear restrictive legends marking them as not freely tradable (except as allowed under SEC rules), and the purchasers were required to enter an agreement stating they had no present intention of reselling the securities.

Louis Zehil was a partner at McGuireWoods who represented Ethanex. Plaintiff alleges that when Ethanex offered its unregistered securities for sale, Zehil caused two entities that he owned and controlled to purchase a total of 3 million shares of Ethanex common stock. *Id.* at ¶ 31. Plaintiff further alleges that Zehil sent issuance instructions to the transfer agent, including a legal opinion on McGuireWoods letterhead and an Ethanex corporate issuance resolution, directing the transfer agent to issue shares with the required restrictive legend to all purchasers in the offering, except to Zehil's two entities, which were to receive unlegended shares. *Id.* at ¶ 30. Plaintiff further contends that upon receiving shares without legends, Zehil's entities sold them, as though they were freely tradable. *Id.* at ¶ 33. Plaintiff Eric Rajala, as bankruptcy trustee for Ethanex, alleges that misconduct by McGuireWoods in the PIPE transaction delayed the

registration of Ethanex's securities and led to losses in the form of liquidated damages paid to investors, legal fees, failure of the business, lost business expectancies and other damages.[1] *Id.* at ¶ 46-48.

### B. *James Jandrain and Midwest Renewable Energy*

Plaintiff listed James Jandrain and MRE in its initial disclosures in this case, stating that "This witness was involved in a proposed project with Ethanex for an ethanol plant in Nebraska. He is expected to have knowledge related to this proposed project." (Plaintiff's Initial Disclosures attached hereto as **Exhibit B**). On February 10, 2008, Ethanex entered into an asset purchase agreement with MRE to purchase a 26 MMGY ethanol plant in Nebraska. The acquisition was structured in three phases. In Phase I, Ethanex would purchase the "Existing Plant" for $50 million in cash. In Phase II, it would purchase assets relating to the first phase of a planned two-phase expansion of the Existing Plant for $60 million in cash and $25 million in Ethanex stock. In Phase III, it would purchase assets relating to the second phase of the expansion for another $60 million in cash and $25 million in stock. (Ethanex 8k filed with the Securities and Exchange Commission, attached portions attached hereto as **Exhibit C**). Ultimately, however the deal fell through and plaintiff is now claiming damages against McGuireWoods for Plaintiff's loss of business expectancy. Ex. A, Plaintiff's First Amended Complaint, ¶ 47-48. Accordingly, the circumstances surrounding the failure of the MRE deal is critical to the Plaintiff's causation and damages theories and highly relevant.

---

[1] Rajala asserts that 28 U.S.C. §§ 1331 and 1332 each confer subject matter jurisdiction over this action. He asserts the following claims against McGuireWoods: (1) violation of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b 5, (2) violation of § 17-12A501 of the Kansas Uniform Securities Act, (3) violation of § 16(b) of the Exchange Act, (4) fraud, (5) tortious interference with business expectancies, (6) legal malpractice, (7) negligent supervision, and (8) breach of fiduciary duty.

McGuireWoods served a subpoena duces tecum on James Jandrain on April 8, 2010, and on MRE on April 8, 20, pursuant to Fed.R.Civ.P. 45. (Subpoenas attached hereto as **Exhibit D** (Jandrain) & **Exhibit E** (MRE)). The subpoenas were nearly identical and both sought information related to MRE's joint venture with Ethanex.[2] Neither Jandrain nor MRE served a timely objection to the subpoena under Rule 45(c)(2)(B).

On April 22, 2010, the attorney for MRE, Jerold Strasheim, and James Jandrain contacted Adam Fuemmeler, an associate at Polsinelli Shughart PC, to discuss the terms of the document production and to request additional time to respond. It was explained in that phone conversation that Jandrain would be responding both on behalf of himself and MRE, that the production date for both subpoenas would be pushed back to May 7, 2010, and that such documents would be produced at 9:00 a.m. at Thomas and Thomas Court Reporters in Omaha, NE. (Email from Fuemmeler to Jandrain 4/22/10, attached hereto as **Exhibit F**).[3]

On May 7, 2010, Cathy Dean, a partner at Polsinelli Shughart PC, met with Jandrain at Thomas and Thomas to receive the documents he designated as responsive to the subpoenas served on him and MRE. While Jandrain only produced 111 pages of documents, he represented

---

[2] The Jandrain Subpoena requested "(1) All documents related to Ethanex and/or Midwest Renewable Energy, LLC's joint venture with Ethanex; (2) All documents or correspondence sent to you from any third party regarding or related to Ethanex and/or Midwest Renewable Energy, LLC's joint venture with Ethanex; (3) All documents or correspondence sent from you or on your behalf to any third party regarding or related to Ethanex and/or Midwest Renewable Energy, LLC's joint venture with Ethanex; and (4) All documents concerning any and all meetings and conversations involving Ethanex and/or Midwest Renewable Energy, LLC's joint venture with Ethanex." Ex. C, Jandrain Subpoena.

The MRE Subpoena requested "(1) All documents related to Ethanex and/or your joint venture with Ethanex; (2) All documents or correspondence sent to you from any third party regarding or related to Ethanex and/or your joint venture with Ethanex; (3) All documents or correspondence sent from you to any third party regarding or related to Ethanex and/or your joint venture with Ethanex; and (4) All documents concerning any and all meetings and conversations involving Ethanex and/or your joint venture with Ethanex." Ex. D, MRE Subpoena.

[3] Fuemmeler mistakenly referred to the new production date as April 7, 2010, but was corrected by Jandrain in a separate email on April 22, 2010. (Email from Jandrain to Fuemmeler, attached hereto as **Exhibit G**).

4
2709688.4

to Dean that the majority of the documents that were responsive to both subpoenas were in the possession of Roger Wells, former MRE attorney at McGrath North Mullin & Stratz ("McGrath North") and that Dean should contact Wells to obtain those documents. (Dean Declaration ¶ 12 attached hereto as **Exhibit K**).

On May 12, 2010, Adam Fuemmeler contacted Roger Wells to discuss the most efficient way to obtain the documents. Mr. Wells advised that a letter from Jandrain would be required before Mr. Wells could produce the documents.

After leaving Jandrain several messages that were not returned, Dean reached him by phone on June 10, 2010. During that call, Jandrain agreed to request, by phone and in writing, the documents from McGrath North. At Jandrain's request, Dean sent him a draft letter for him to send to Roger Wells requesting the documents. (Email and attached letter from Dean to Jandrain attached hereto as **Exhibits H & I**). Despite several attempts by Dean to contact Jandrain since that time, he has not responded and not produced the documents. (Ex. K, Dean Decl., ¶ 13).

On July 14, 2010, Dean sent a letter to Jandrain making one last request that he make the documents available for inspection. In this letter, Dean expressed her desire to resolve the issue without court intervention, but that this motion would be forthcoming if Jandrain did not make an effort to provide the documents as he previously agreed. (Dean Letter to Jandrain, 7/14/10, attached hereto as **Exhibit J**). No response was received from Jandrain. Despite "personal consultation" with Mr. Jandrain and "sincere attempts to resolve differences," the parties cannot reach an accord. Neb.LR 7.0.1(i).

## ARGUMENT

Rule 45 permits a party to an action to subpoena a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession,

custody, or control" Fed.R.Civ.P. 45(a)(1)(iii). While Mr. Jandrain has produced some responsive documents, which were in his "possession," he has failed to provide McGuireWoods with the documents that he acknowledges are responsive to the subpoena and in his "control."

" 'Control' is broadly construed, and thus a party may be obligated to produce documents requested ... where the producing party does not actually possess the documents but has the legal right or practical ability to obtain them from another source on demand." *In re Rule 45 Subpoena Issued to Robert K. Kochan*, No. 5:07-MC-44-BR. 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) (quoting *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa, NO.* 90CIV7811, 1994 WL 510043, at * 3 (S.D.N.Y. 16 Sept. 1994) (citations omitted). In this instance, Jandrain is required, both in responding on behalf of the company and in his capacity as an officer and board member of the company, to produce such documents because they are clearly within his control.

"Control includes documents that a party has the legal right to obtain on demand." *Am. Society For Prevention of Cruelty To Animals v. Ringling Bros. and Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006 ).[4] "Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control." *Id.* (citations omitted); *see also Douga v. D&B Boat Rentals, Inc.*, No. 04-1642, 2007 WL 677202 (D.C. La. Feb. 28, 2007) (Although a document was physically possessed by counsel, the party still controlled the document such that they could direct it to be produced). There is no question here that MRE was a client of Roger Wells and McGrath North, both Mr. Jandrain and Mr. Wells confirmed as much. Moreover, there is no dispute that Jandrain, acting on behalf of MRE, has the authority to

---

[4] "Cases construing the words 'possession, custody or control' in Rule 34 are helpful in applying these principles in the context of Rule 45."Federal Practice & Procedure § 2456 (2009).

request such documents. *United States v. Int'l Bus. Machs. Corp.*, 71 F.R.D. 88 (S.D.N.Y. 1976). ("A subpoena duces tecum seeking corporate documents directed to an individual who is an officer or director of a corporation acts to create an obligation upon the corporation-through those who manage and direct the corporation-to produce the documents sought."). Accordingly, the documents are clearly in Jandrain and MRE's control. Because the documents are clearly responsive to the subpoena, relevant to the plaintiff's claims in the underlying case and in the "control" of MRE and Jandrain, this Court should compel the documents production.

## CONCLUSION

Relevant documents have been properly subpoenaed. Those documents are under Mr. Jandrain and MRE's control. Therefore, McGuireWoods respectfully requests this Court to grant McGuireWoods's Motion to Compel Production of Documents and order MRE and Jandrain to produce all responsive documents in its and his "control" within 10 days, at a place and a time agreed upon by the parties in Omaha, Nebraska.

Respectfully submitted,

POLSINELLI SHUGHART PC

By: /s/ Cathy J. Dean
    Cathy J. Dean
    120 W. 12th Street, Suite 1700
    Kansas City, MO 64105
    Telephone: (816) 421-3355
    Facsimile: (816) 374-0509
    cdean@polsinelli.com

    Of counsel:
    Wachtell, Lipton, Rosen & Katz
    51 West 52nd Street
    New York, NY 10019
    Telephone: (212) 403-1000
    Facsimile: (212) 403-2000

    Attorneys for Defendant McGuireWoods LLP

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

John M. Edgar
David W. Edgar
Brian T. Bear
Edgar Law Firm LLC
1032 Pennsylvania Avenue
Kansas City, MO 64105

Attorneys for Plaintiff

                                                  /s/ Cathy Dean
                                                Attorney for Defendant

2709688.4